# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **RABIN NOURANIFAR, AN INDIVIDUAL AND AS OWNER OF AN IRA, AND ON BEHALF OF RABIN CAPITAL XVII LP,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**PSN AFFILIATES, LLC, THE CONVERGENCE GROUP, LLC, JOSEPH SCHIFF, BUPP HOLDINGS, LLC, PAUL ARELLANO, AND ERIC SIDES,**<br><br>***Defendants*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:25-CV-00286-LS** |

**<u>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS</u>**

Plaintiff Rabin Nouranifar sues Defendants for fraud, breach of fiduciary duty, and violations of the Securities Exchange Act and Texas Securities Act.[1] Defendants filed motions to dismiss.[2] The Court referred the motions to Magistrate Judge Robert Castaneda for a report and recommendation.[3] Plaintiff and Defendants Bupp Holdings, LLC, Joseph Schiff, and The Convergence Group, LLC filed objections to the report and recommendation.[4] For the following reasons, the Court adopts the report and recommendations.

[1] ECF No. 6.
[2] ECF Nos. 17, 22, 23, 38.
[3] ECF Nos. 28, 39.
[4] ECF Nos. 44, 45.

## I. LEGAL STANDARD.

### *A. Report and Recommendation*

A judge may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive motions.[5] Within fourteen days of receiving the report and recommendation, "any party may serve and file written objections."[6] When parties object to a magistrate judge's report and recommendation, a district court "must engage in *de novo* review."[7] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8] If no objection is made to a magistrate judge's recommendation, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."[9]

### *B. Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A complaint may include legal conclusions, but such conclusions must be supported by factual allegations.[12] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[13] The court takes as true the complaint's factual allegations and construes them in the light

[5] 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).
[6] 28 U.S.C. § 636(b)(1).
[7] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[8] 28 U.S.C. § 636(b)(1).
[9] *Wilson*, 864 F.2d at 1221.
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[11] *Id.*
[12] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[13] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

most favorable to the nonmoving party.[14] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[15] "A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a valid means to raise a limitations defense if the defense clearly appears on the face of the complaint."[16] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[17]

## II. ANALYSIS.

### *A. Securities Exchange Act Claims*

Plaintiff objected to the recommendation that his Securities Exchange Act claims be dismissed with prejudice as time-barred.[18] Plaintiff argues that each missed payment by Defendants is a culpable act or omission, which continued up until the July 2024 maturity date.[19] The Securities Exchange Act of 1934 has a five-year statute of repose under 28 U.S.C. § 1658(b)(2).[20] "As such, the right to relief itself is extinguished when the relevant time period expires."[21] The purpose of a statute of repose is to "effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time."[22]

---

[14] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[15] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).
[16] *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987).
[17] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).
[18] ECF No. 45 at 7.
[19] *Id.* at 8.
[20] *Margolies v. Deason*, 464 F.3d 547, 550–51 (5th Cir. 2006).
[21] *Id.* at 551.
[22] *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014)).

The statute of repose begins to run when the violation is committed,[23] meaning it "begin[s] to run on 'the date of the last culpable act or omission of the defendant.'"[24] A securities fraud claim under § 10(b) and Rule 10b-5 requires "(1) a misstatement or omission; (2) of a material fact; (3) made with scienter; (4) on which the plaintiffs relied; and (5) that proximately caused the plaintiffs' injuries."[25]

Plaintiff asserts in his amended complaint that Defendants' allegedly culpable actions under the Securities Exchange Act occurred "prior to his investments in 2018" and are based on a transaction that occurred in 2019.[26] Plaintiff also alleges that the subject misrepresentations were made to him in 2018.[27] Accordingly, the Court adopts the magistrate judge's recommendation that Plaintiff's securities fraud claims are time-barred because he filed this lawsuit on July 29, 2025,[28] more than five years beyond the last alleged culpable act or omission. Plaintiff's claim for control person liability under the Securities Exchange Act also fails because "[c]ontrol person liability is secondary only and cannot exist in the absence of a primary violation."[29] Plaintiff's Security Exchange Act claims against all Defendants are dismissed.

### *B. State-Law Claims and Leave to Amend*

Both parties ask the Court to retain jurisdiction over Plaintiff's state-law claims, for different reasons. Defendants argue that judicial economy will be served by this Court retaining

---

[23] 28 U.S.C. § 1658(b)(2).
[24] *ANZ Sec., Inc.*, 582 U.S. at 505 (quoting *CTS Corp.*, 573 U.S. at 8).
[25] *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004).
[26] ECF No. 6 at 17.
[27] ECF No. 6 at 4–5, 7.
[28] ECF No. 1.
[29] *Southland Sec. Corp.*, 365 F.3d at 383.

jurisdiction over the claims and dismissing them with prejudice.[30] Plaintiff argues that, if allowed to amend his complaint, he would assert the existence of diversity subject matter jurisdiction.[31]

The Fifth Circuit's "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."[32] However, this rule "is neither mandatory nor absolute."[33] A court should consider the factors laid out in 28 U.S.C. § 1367(c), as well as the guidance of the Supreme Court, when considering whether to exercise supplemental jurisdiction.[34]

Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," "the district court has dismissed all claims over which it has original jurisdiction," or that there are compelling reasons in exceptional circumstances to decline jurisdiction. This Court is now dismissing the claims over which it had original jurisdiction, but none of the other three factors are present. A court should also consider "judicial economy, convenience, and fairness to litigants."[35] In a case where there are no novel or complex issues of state law, and judicial economy, convenience, and fairness militates for the federal court retaining jurisdiction over the state-law claims, a court may abuse its discretion by not retaining jurisdiction over the state-law

---

[30] ECF No. 44 at 4.
[31] ECF No. 45 at 2.
[32] *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).
[33] *Id.*
[34] *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998).
[35] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

claims.[36] For these reasons, and because both parties urge this Court to retain jurisdiction, the Court will exercise supplemental jurisdiction over Plaintiff's state-law claims.

**1. <u>Fraud Claims</u>**

A viable Texas law claim for fraud requires a showing that the defendant : "(1) made a misstatement or omission (2) of material fact (3) with the intent to defraud (4) on which the plaintiff relied, and (5) which proximately caused the plaintiff injury."[37] Fraud claims in Texas have a four-year statute of limitations.[38] In general, a statute of limitations begins to run "when a particular cause of action accrues," which means "when a wrongful act causes injury."[39] However, "[a] fraud claim does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury."[40]

In this case, Plaintiff discovered the alleged fraud on July 22, 2019. That was when he received a letter advising members of East El Paso Physicians' Medical Center, LLC ("EEPPMC") about the "dire" financial condition of the company. "For the first time, [Plaintiff] learned through this letter that EEPPMC was not, in fact, profitable as reflected on the financial statements he had been given."[41] Plaintiff's initiation of this lawsuit in 2025 was well beyond the July 2023 limitations deadline, and he does not allege any other material misstatement or omission on which he relied to his detriment that occurred during the four-year limitations window preceding the filing of this lawsuit.

---

[36] *See Batiste*, 179 F.3d at 227–28 (concluding that the district court erred by not retaining jurisdiction when the case had been pending for almost three years and there were no "novel or complex" issues of state law in the remaining claims).
[37] *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 490 F. Supp. 2d 784, 792–93 (S.D. Tex. 2007).
[38] *Savage v. Psychiatric Inst. of Bedford, Inc.*, 965 S.W.2d 745, 750 (Tex. App.—Fort Worth 1998, pet. denied).
[39] *Id.* at 749.
[40] *Superior Laminate & Supply, Inc. v. Formica Corp.*, 93 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).
[41] ECF No. 6 at 8.

### 2. Texas Securities Act Claims

Plaintiff also brings suit under the Texas Securities Act.[42] "Claims based on sales of securities through untruth or omission may not be brought more than five years after the relevant sale."[43] This five-year date is generally considered by courts to be a statute of repose.[44] As Plaintiff purchased the securities in this case in 2018,[45] his Texas Securities Act claims are also time-barred.

### 3. Breach of Fiduciary Duty

A breach of fiduciary duty claim has the following elements: "(1) there is a fiduciary relationship between the plaintiff and defendant; (2) the defendant breached his fiduciary duty to the plaintiff, and (3) the breach resulted in an injury to the plaintiff or benefit to the defendant."[46] There is a four-year statute of limitations.[47] Plaintiff alleges that Defendants Arellano and Sides breached their fiduciary duty to him by: (1) making misrepresentations to convince him to invest in EEPPMC; (2) expelling his interest; (3) valuing his interests at pennies on the dollar; (4) choosing to value Class A shares at more than five times the value assigned to Class B shares; (5) using Plaintiff's funds to defray costs for Class A shareholders; (6) ensuring Plaintiff had no ability to recoup his loss; and (7) failing to pay him any compensation.[48] As all of the actions about which Plaintiff complains occurred in 2018 and 2019, the four-year limitations period bars them as well.

### 4. Leave to Amend

Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity

---

[42] ECF No. 6 at 19–21.
[43] *Brooks v. United Dev. Funding III, L.P.*, No. 4:20-cv-00150-O, 2020 WL 6132230, at *14 (N.D. Tex. Apr. 15, 2020); *see also* Tex. Gov't Code § 4008.062(b).
[44] *See Brooks*, 2020 WL 6132230, at *14 (collecting cases).
[45] ECF No. 6 at 5, 7.
[46] *Zhu v. Lam*, 426 S.W.3d 333, 339 (Tex. App.—Houston [14th Dist.] 2014, no pet.).
[47] Tex. Civ. Prac. & Rem. Code § 16.004(a)(5).
[48] ECF No. 6 at 21–22.

after being afforded repeated opportunities to do so."[49] But a court need not allow a plaintiff to amend a complaint if the amendment would be futile.[50] Given counsel's arguments during the motions hearing, the Court will allow Plaintiff until **<u>August 21, 2026</u>** to file a motion for leave to file an amended complaint, with the proposed pleading attached.

### 5. <u>Attorneys' Fees and Costs</u>

Defendant PSN Affiliates, LLC ("PSN") requested that it be awarded attorneys' fees and costs in its motion.[51] The magistrate judge recommended denying this request, and PSN did not object.[52] The Court will adopt this recommendation.

## III. CONCLUSION.

For the foregoing reasons, the Court adopts the magistrate judge's report to the extent it is consistent with this order which retains supplemental jurisdiction. Defendants The Convergence Group, LLC, Bupp Holdings, LLC, and Joseph Schiff's motion to dismiss [ECF No. 17] is **GRANTED**. Defendant PSN Affiliates, LLC's motion to dismiss [ECF No. 22] is **GRANTED** but its request for attorney fees is **DENIED.** Defendant Paul Arrellano's motion to dismiss [ECF No. 23] is **GRANTED**. Defendant Eric Sides' motion to dismiss [ECF No. 38] is **GRANTED**. Plaintiff has until **<u>August 21, 2026</u>** to file a motion for leave to file an amended complaint, with the proposed pleading attached.

**SO ORDERED**.

---

[49] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).
[50] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).
[51] ECF No. 22 at 11.
[52] ECF No. 43 at 8.

**SIGNED** and **ENTERED** on August 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**